NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

CIVIL ACTION NO. 05-CV-57-HRW

YAKOV GREGOREVICH DRABOVSKIY                                             PLAINTIFF

VS:            **MEMORANDUM OPINION AND ORDER**

UNITED STATES                                                           DEFENDANT

　　　　This matter is before the Court on the several motions of the *pro se* prisoner-plaintiff [Record Nos. 4-6].

　　　　On March 25, 2005, the plaintiff filed the instant action with a self-styled pleading, which he entitled a "motion" but which the Court construed as a complaint about the conditions of his confinement under 28 U.S.C. §1331, primarily his being kept segregated while authorities investigated an attempt to escape prison by helicopter. Record No. 2. In its deficiency order of April 2, 2005, the Court advised the plaintiff of his need to pay the $250.00 district court filing fee for a civil action; provided forms for his use should he prefer to apply to proceed *in forma pauperis*; and granted him 30 days in which to cure the financial deficiency, as well as other problems with his filings. The Court specifically warned that (1) failure to timely cure the financial deficiency or (2) to return a completed complaint form or (3) to demonstrate his exhaustion of the Bureau of Prisons' ("BOP") administrative remedies prior to filing could result in dismissal of his cause.

　　　　Six weeks later, on May 20, 2005, the plaintiff made a partial response, filing additional pleadings, all labeled "motions." One of these is a completed application to proceed *in forma pauperis* [Record No. 6]. It is not accompanied by supporting financial information about his inmate

account. By another "motion" [Record No. 4], he states that he will send the financial certificate later; requests the Court to accept accompanying documents in support for his claims; and asks for a prompt determination on his issues.

The plaintiff's accompanying documents, attached to a "motion for emergency appeal" [Record No. 5], do not include a copy of a complained-of decision against him by a disciplinary hearing officer, but he does provide copies of the initial incident report written against him. It is dated March 23, 2005, two days prior to his filing of the instant action. The plaintiff also includes a copy of his appeal of the matter to the regional director on April 21st, and the April 28th rejection of his appeal, the director's office explaining that he had not filed the required institutional appeal (BP-9) prior to going to the regional level of the BOP system.

In other words, the plaintiff has now, two months later, failed to comply with the Court's deficiency order in which he was granted 30 days to comply with requirements of the law--all of which were due at the time of filing. He has not paid the district court filing fee or filed a motion to proceed *in forma pauperis* with supporting financial information. He has not returned the completed complaint form, which this Court provided for him. And he has not demonstrated that he exhausted the BOP administrative remedy system prior to filing the instant cause of action. To the contrary, his submissions show that he had not yet begun to seek administrative relief at the time of the initial filing.

To the extent the plaintiff's motion for emergency appeal is intended to be a request for the Court to forgive the exhaustion requirement necessary, he provides no factual or legal grounds therefor. The exhaustion required by 42 U.S.C. §1997e(a) is mandatory. *See Booth v. Churner*, 532 U.S. 731, 741 (2001) ("Thus, we think that Congress has mandated exhaustion clearly enough,

2

regardless of the relief offered through administrative procedures"); *Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("[W]e hold that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong").

To the extent the plaintiff means to request emergency injunctive relief of any type, he also fails to provide the grounds necessary to warrant relief. The four factors to be considered before granting a preliminary injunction are: (1) the plaintiff's likelihood of success on the merits; (2) whether the plaintiffs could suffer irreparable harm without the injunction; (3) whether granting the injunction will cause substantial harm to others; and (4) the impact of the injunction on the public interest. *Golden v. Kelsey-Hayes Company*, 73 F.3d 648, 653 (6th Cir. 1996) (citing *Performance Unlimited v. Questar Publishers*, 52 F.3d 1373, 1381 (6th Cir. 1995) (citing *International Longshoremen's Ass'n, AFL-CIO, Local Union No. 1937 v. Norfolk S. Corp.*, 927 F.2d 900, 903 (6th Cir.), *cert. denied*, 502 U.S. 813 (1991) (citing *In re DeLorean Motor Co.*, 755 F.2d 1223, 1228 (6th Cir. 1985))).

Considering the factors in relation to the facts in this case, (1) Plaintiff has no likelihood of success on the merits, as his cause will be dismissed today for the above-stated reasons. As to factor (2), the plaintiff has not even alleged irreparable injury. As to factors (3) and (4), the courts are ever cautioned to stay out of the business of micro-managing prisons. *See Bell v. Wolfish*, 441 U.S. 520 (1979); *Turner v. Safley*, 482 U.S. 78 (1987); and *Turney v. Scroggy*, 831 F.2d 135 (6th Cir. 1987). No public interests would be served by choosing to interfere.

Accordingly, the Court being advised, **IT IS HEREBY ORDERED** as follows:

3

(1) The plaintiff's motion to proceed *in forma pauperis* [Record No. 6] is **DENIED**.

(2) The plaintiff's remaining motions [Record Nos. 4-5] are **DENIED**.

(3) The instant action is **DISMISSED** and a contemporaneous Judgment will be entered in favor of the defendant, the United States.

This June 2, 2005.

Signed By:
*Henry R Wilhoit Jr.*
United States District Judge